UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal Case No. |
| Plaintiff-Respondent, | ) | 5:16-cr-28-JMH-MAS-1 |
| | ) | |
| v. | ) | Civil Case No. |
| | ) | 5:19-cv-0295-JMH-MAS |
| JAMES FREDERICK REBMANN, | ) | |
| | ) | |
| Defendant-Petitioner. | ) | **MEMORANDUM OPINION & ORDER** |
| | ) | |

\*\*\*

This matter is before the Court in light of Magistrate Judge Matthew A. Stinnett's report and recommendation [DE 67] dismissing Defendant-Petitioner James Frederick Rebmann's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence of a person in federal custody [DE 60]. Rebmann filed a timely objection to the report and recommendation, making the petition ripe for review by this Court. [DE 68].

Magistrate Judge Stinnett recommends that Rebmann's motion be denied because (1) he was fully informed of the plea agreement's terms and understood that its language regarding his future sentence was non-binding on the Court, and (2) Rebmann failed to demonstrate that he was prejudiced by the information counsel provided about the sentence he might receive. [DE 67 at 4-7]. It is further recommended that Rebmann's request for an evidentiary hearing be denied, as well as a certificate of

appealability to the United States Court of Appeals for the Sixth Circuit.

In this case, the record refutes Rebmann's claims of ineffective assistance of counsel presented in his § 2255 motion. Thus, Rebmann's petition for relief under § 2255 is **DENIED** and the Court declines to grant an evidentiary hearing or issue a certificate of appealability.

## I. PROCEDURAL AND FACTUAL BACKGROUND

Rebmann was indicted on April 18, 2016 for distribution of a mixture or substance containing fentanyl, resulting in the overdose death of another under 21 U.S.C. § 841(a)(1). [DE 54; DE 1]. Because the government alleged that the distribution of the substance caused the death of another person, conviction carried a possibility of enhanced penalties. *See* 21 U.S.C. § 841(1)(a); 21 U.S.C. § 846.

Rebmann pleaded guilty to the count in the indictment and entered into a plea agreement on August 15, 2016. [DE 23; DE 24]. In exchange for a plea, the government agreed not to file a notice under 21 U.S.C. § 851, which would have carried a mandatory life sentence. [DE 24 at 49]. The agreement recommended a base level of 35, considering Rebmann's acceptance of responsibility. [*Id*. at 50]. After factoring in Rebmann's statutory minimum sentence, his non-binding guideline range was 240 to 293 months. [*Id*.]. Prior to sentencing, however, the

2

government objected to the base offense level in the agreement, stating that a calculation error was made when the United States failed to consider Rebmann's prior heroin possession charge as a "similar offense" under U.S. Sentencing Guidelines Manual § 2D1.1(a)(1). The change forced a recalculation of the guideline range to a minimum of 360 months and a maximum life sentence. [DE 41 at 119].

At the final sentencing hearing, both parties agreed to adhere to the original base offense level outlined in the plea agreement. [DE 42 at 121-122]. Because the plea agreement was non-binding, however, the Court in its discretion chose to impose the criminal history enhancement and sentenced him to 360 months of imprisonment. [DE 38]. Rebmann appealed to the United States Court of Appeals for the Sixth Circuit, which affirmed the district court's sentencing decision. [DEs 39, 53, 54]. Rebmann's petition for writ of certiorari to the United States Supreme Court was denied. [DEs 55, 57].

Before this Court is Rebmann's timely filed motion to vacate, set aside, or correct a sentence. [DE 60]. The United States responded to the motion [DE 65] and Rebmann replied [DE 66], making it ripe for review. Pursuant to 28 U.S.C. § 636(b)(1)(B), United States Magistrate Judge Stinnett submitted a report and recommendation for the disposition of this matter.

[DE 67]. Rebmann filed a timely objection to the recommendation on December 6, 2019. [DE 68].

In his § 2255 petition and objection to the report and recommendation, Rebmann alleges that his appointed counsel failed to inform him of the possibility that he might face a sentence other than the one contemplated in the plea agreement. [DE 60-1 at 3]. Specifically, Rebmann contends that counsel "informed [him] that the government extended a plea offer where a twenty-year sentence would be possible." [*Id*. at 2]. Rebmann states that he agreed to plead guilty and forego his right to a trial only because the guideline range discussed would yield a twenty-year sentence. [*Id*.]. After the plea was entered, Rebmann states, he was surprised by the change in the proposed guideline range and the Court's choice to adopt it. [*Id*.].

## II. STANDARD OF REVIEW

Generally, a prisoner has a statutory right to collaterally attack his conviction or sentence. *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) ("[B]oth the right to appeal and the right to seek post-conviction relief are statutory rights ...."). To be entitled to habeas relief under his 28 U.S.C. § 2255 claims, Rebmann must generally show that, *inter alia*, "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255(b).

In particular, "[t]o prevail on a motion under § 2255, a [petitioner] must prove '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *Goward v. United States*, 569 F.App'x 408, 412 (6th Cir. 2014) (quoting *McPhearson v. United States*, 675 F.3d 553, 559 (6th Cir. 2012)).

A habeas petitioner may object to a magistrate judge's report and recommendation. Fed. R. Civ. P. 72(b)(2). If the petitioner objects, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). "Only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Carson v. Hudson*, 421 F. App'x 560, 563 (6th Cir. 2011) (quoting *Souter v. Jones*, 395 F.3d 577, 585-86 (6th Cir. 2005).

Since plaintiff proceeds *pro se*, his pleadings are held to a less stringent standard than those prepared by an attorney and are liberally construed in his favor. *See Fazzini v. Northeast Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006); *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004).

## III. DISCUSSION

Rebmann's objections to the magistrate judge's report and recommended disposition essentially re-state the arguments he used to support his § 2255 petition. [*See* DE 68]. The Court, having reviewed the record, Rebmann's petition, Magistrate Judge Stinnett's report and recommendation, and Rebmann's objections, finds that his grievances do not rise to the level of proof required to demonstrate a constitutional violation of the magnitude required by § 2255. Further, this Court finds that Rebmann is not entitled to an evidentiary hearing and declines to issue a Certificate of Appealability in this case.

**A. Ineffective Assistance of Counsel**

In his objection to Magistrate Judge Stinnett's report and recommendation, Rebmann re-states his position on his counsel's performance. He alleges that his lawyer, Andrew Stephens, was deficient because even though he possessed all of the information necessary to correctly explain the true sentencing exposure that would be recommended if [Rebmann] plead [sic] guilty, he did not do so." [DE 68 at 3]. In an affidavit, Rebmann claims he told Stephens of his desire to go to trial before the government offered a plea. [DE 66-1]. Rebmann said he changed his mind when he was offered a plea agreement that could potentially lead to a twenty-year sentence. Apparently, a twenty-year sentence would be "endurable" but a thirty-year

6

sentence would be "out of the question," even despite the "threat of the § 851 filing." [DE 60 at 6]. Rebmann objects to the magistrate judge's focus on the non-binding nature of the guideline range because, he states, *Strickland* only cares about the acts of counsel.

An ineffective assistance of counsel claim requires that a prisoner show that (1) his "counsel's performance was deficient measured by reference to 'an objective standard of reasonableness'" and (2) "resulting prejudice, which exists where 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.'" *United States v. Coleman*, 835 F.3d 606, 612 (6th Cir. 2016) (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984)). "To establish deficient performance, a petitioner must demonstrate that counsel's representation 'fell below an objective standard of reasonableness.'" *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (quoting *Strickland*, 466 U.S. at 688)). Courts have "declined to articulate specific guidelines for appropriate attorney conduct and instead have emphasized that '[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms.'" *Id.* (quoting *Strickland*, 466 U.S. at 688) (alterations in *Wiggins*). Still, a court's review of this prong includes a "strong presumption that counsel's conduct falls within the wide range

7

of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Petitioner carries the burden of establishing that "'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 687).

Meeting "*Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010). The standard "must be applied with scrupulous care, lest 'intrusive post-trial inquiry' threaten the integrity of the very adversary process the right to counsel is meant to serve." *Harrington*, 562 U.S. at 105. "Even under *de novo* review, the standard for judging counsel's representation is a most deferential one" because "[u]nlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge." *Id.*

Further, as Magistrate Judge Stinnett explained, the decision to plead guilty rests with the defendant. [DE 67 at 3]; *Smith v. United States*, 348 F.3d 545, 552 (6th Cir. 2003). Counsel does, however, have an absolute obligation to "fully inform her client of the available options." *Smith*, 348 F.3d at 552. Failing to do so can violate a defendant's right to effective assistance of counsel. *Id*. A defendant must do more

8

than state that he or she would have gone to trial if counsel gave different advice. *Shimel v. Warren*, 838 F.3d 685, 698 (6th Cir. 2016); *see also Moore v. United States*, 676 F. App'x 383, 385-86 (6th Cir. 2017). Finally, when a criminal defendant alleges ineffective assistance of counsel in plea negotiations and a subsequent sentencing pursuant to an agreement, the representations of the parties and findings made by the judge constitute a barrier to relief in later proceedings attacking it. *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). There is a "strong presumption of verity" of statements made under oath during the acceptance of a plea bargain. *Id*. at 74.

As Magistrate Judge Stinnett elucidated, Rebmann's plea agreement was non-binding, as stated in the document and accepted by Rebmann at the time of his acceptance of the deal. [*Id.*, citing DE 47 at 5]. Although Rebmann believes this is irrelevant to the examination of Stephen's performance, it directly contradicts the idea that he was provided insufficient information. Rebmann does not say that counsel assured him he would receive a maximum of 293 months if he decided to plead guilty; rather, Rebmann states that "I was informed by [counsel] of a plea offer where a *guideline range* of 240-to-293 months would be *recommended*." [DE 66-1](emphasis added). It is not the fault of counsel that Rebmann erroneously interpreted this statement to mean that he could not receive more than 293

9

months. The record of Rebmann's rearraignment[1] is important because it demonstrates that Rebmann was indeed aware that his sentence could be much greater than 293 months. Even though neither Stephens nor the government was aware of the applicability of the enhancement at the time, counsel still, according to Rebmann's own affidavit, advised him that the guideline range was merely a recommendation.

Even if Rebmann could succeed in demonstrating insufficient performance, he failed to show that he was prejudiced by counsel's supposed error. Rebmann argues again that his affidavit demonstrates a reasonable probability that absent counsel's erroneous advice, he would have insisted on going to trial. [DE 68 at 3]. Magistrate Judge Stinnett found that the only evidence Rebmann offered to demonstrate that he wanted to go to trial was a discussion he allegedly had with counsel before the plea agreement was even offered. [DE 67 at 4, citing

---

[1] The transcript of Rebmann's rearraignment reflects that he had ample opportunity to indicate that he did not understand the non-binding nature of the plea agreement and inquire further about the discretionary nature of the sentencing guidelines. [*See* DE 47]. This Court informed Rebmann that if his plea was accepted, he would face "not less than twenty years nor more than life imprisonment." [*Id.* at 13]. The guidelines, the Court explained, would be based on the nature of Rebmann's offense and his criminal history.[1] [*Id.*]. Further, the Court informed Rebmann that if his sentence was more severe than he expected, he would still be bound by his plea and would have no right to withdraw it. [*Id.* at 14]. Rebmann said he understood the implications of accepting the plea agreement before him. [*Id.*].

DE 66-1]. Rebmann's claim of prejudice based on conversations he had with counsel fails because those statements are the equivalent of "merely telling the court now that [he] would have gone to trial if [he] had gotten different advice." *Shimel*, 838 F.3d at 698; *see also Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Again, this Court asked Rebmann if he understood that trial was scheduled in his case and, instead of accepting a plea, Rebmann would "have the right to make the government prove this charge against you beyond a reasonable doubt." [DE 47 at 16]. He told the Court he understood this consequence of accepting the plea agreement.

Rebmann's other "evidence" is, essentially, an argument that counsel's advocacy for a 240-month sentence somehow demonstrates that he would have refused to go to trial if the plea agreement recommended anything more than that amount of time. But Rebmann needs to demonstrate more under these circumstances; he needs to "convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010). A rational person, the United States Supreme Court has noted, would consider not just the advantages of going to trial, but also the disadvantages. *Id.*; See *also Moore*, 676 F.App'x at 386 (discussing the several benefits in the plea bargain that defendant would have lost if he went to trial).

As the United States points out, Rebmann never agreed to, and counsel never relied on, the idea that the Court would strictly impose a 240-month sentence as he seems to indicate. Rebmann's original guideline recommendation was between 240 and 293 months. [DE 53 at 191-92]. The government explicitly agreed not to file a 21 U.S.C. § 851 notice, which would have provided Rebmann with a mandatory life sentence. [DE 65 at 3; DE 24 at 49]. If the plea agreement provided that Rebmann's guideline range would be 360 months to life and given the unpredictability of obtaining a favorable trial verdict, a rational person would still have taken the plea rather than receive a mandatory life sentence under § 851. Rebmann's assertion that he would rather take his chances at trial is counterintuitive to the idea that he would have received, if adjudged guilty, a mandatory life sentence. As the Sixth Circuit stated in *Moore*, cases like this come down to the federal sentencing guidelines and a judge's discretion in applying them within reason. 676 F.App'x at 387. Thus, Rebmann cannot be said to be prejudiced by his attorney's representations when the Court chose to deviate from the parties' agreed-upon guideline range.

Pursuant to *Strickland* and this circuit's interpretation of the Sixth Amendment right to effective counsel, the Court finds that Rebmann failed to demonstrate by a preponderance of the

evidence that he was deprived of that right, and thus, denies his petition to vacate, set aside, or correct his sentence.

**B. Evidentiary hearing**

Section 2255 requires that a district court hold an evidentiary hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999).

The two pieces of "evidence" offered by Rebmann to support his claim of ineffective assistance of counsel consist of a statement he made to his attorney before he was offered a plea agreement, and statements of his attorney that are in the Court's record. Rebmann does not dispute the magistrate judge's finding that he is not entitled to an evidentiary hearing to further support the pre-plea statement, and the Court finds no reason to hold an evidentiary hearing on statements that are already in the record. Thus, Rebmann's request for a hearing is denied.

**C. Certificate of Appealability**

"[A] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this

13

showing for constitutional claims rejected on the merits, a defendant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003). The "question is the debatability of the underlying constitutional claim, not the resolution of that debate." *Miller-El*, 537 U.S. at 342. For claims denied on procedural grounds, a certificate appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The Court here finds that reasonable jurists would not debate the denial of Rebmann's § 2255 motion. Thus, the Court will not issue a certificate of appealability in this matter.

## IV. CONCLUSION

In the instant case, Rebmann's motion fails to demonstrate that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255(b). Because "it plainly appears . . . that the moving party is not entitled

to relief, the [Court] must dismiss the motion." Rules Governing Section 2255 Proceedings, Rule 4.

Accordingly, **IT IS ORDERED** as follows:

1) Defendant/Petitioner James Frederick Rebmann's motion to vacate, amend, or correct sentence pursuant to 28 U.S.C. § 2255 [DE 60] is **DENIED**;

2) Rebmann's request for an evidentiary hearing is **DENIED**;

3) Rebmann's request for a certificate of appealability is **DENIED**;

4) This action is **DISMISSED** and **STRICKEN** from the Court's active docket; and

5) Judgment **SHALL** be entered contemporaneously with the Memorandum Opinion and Order.

This the 3rd day of February, 2020.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge