```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF KENTUCKY
```
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>  ) | Criminal Case No. |
| Plaintiff-Respondent, ) | 5:16-cr-28-JMH-MAS-1 |
|  ) | |
| v.  ) | Civil Case No. |
|  ) | 5:19-cv-0295-JMH-MAS |
| JAMES FREDERICK REBMANN, ) | |
|  ) | |
| Defendant-Petitioner. ) | **MEMORANDUM OPINION & ORDER** |
|  ) | |

\*\*\*

This matter is before the Court on Defendant James Frederick Rebmann's motion to reopen his time for appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6). [DE 73]. Rebmann claims that he did not receive this Court's Memorandum Opinion & Order and Judgment denying his motion to vacate, amend, or correct his sentence pursuant to 28 U.S.C. § 2255. [DEs 69, 70]. For the reasons set forth below, Rebmann's motion will be **GRANTED**.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

James Frederick Rebmann filed a timely § 2255 petition on July 24, 2019. [DE 60]. Pursuant to 28 U.S.C. § 636(b)(1)(B), United States Magistrate Judge Matthew A. Stinnett submitted a report and recommendation to this Court, to which Rebmann filed a timely objection. [DEs 67, 68]. This Court took the matter under consideration and issued a Memorandum Opinion and Order and Judgment adopting Magistrate Judge Stinnett's

recommendation, thereby denying Rebmann's petition. [DEs 69, 70]. That opinion issued on February 3, 2020.

On June 25, 2020, the Court received a letter from Rebmann in which he asked for the status of an "appeal" he filed "sometime ago" and had still received no notification regarding the status. [DE 71]. He sent another letter stating the same on July 2, 2020, which the Clerk of Court marked as a duplicate. [DE 72]. The Clerk mailed copies of the docket sheet, the Memorandum Opinion and Order, and the Judgment entered in this case. [DE 71].

In the instant motion, Rebmann alleges that "[d]espite the court's order being entered and the clerk mailing said order [Rebmann] was not provided a copy until July of 2020." [DE 73 at 2]. Rebmann states that his "Unit Team" received the documents from the Court, but did not provide him with a copy or notify him that it was received by the facility. [*Id.*]. Rebmann attached a copy of a request he made to staff on July 13, 2020, asking if he had received any legal mail. [DE 73-2]. Staff responded on the same form stating he had "no mail … from the courts," but stated that it may have been forwarded to Rebmann's unit team to be placed in his "legal file." [*Id.*]. Rebmann then made a request to his unit team, asking if he "received any legal mail addressed to [him] since February." [DE 73-1]. The unit team staff responded, stating that "some came in yesterday," which would have been July 20, 2020. [*Id.*]. From

this, Rebmann states that "[i]t is obvious from the dating of the order that the order was received prior to the date implicated by the answer on the request form but it is equally obvious that [he] was never given the order until he inquired about the matter in July." [DE 73 at 2].

Rebmann is currently incarcerated at Federal Correctional Institution, Beckley, and is proceeding pro se before this Court.

## II. DISCUSSION

Federal Rule of Appellate Procedure 4(a)(1)(A) requires a notice of appeal to be filed with the district court clerk within thirty days after entry of the judgment. Further, the district court may reopen the time to file an appeal for a period of fourteen days after the date when its order to reopen is entered if the following conditions are satisfied:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6). Federal Rule of Civil Procedure 77(d) states that the clerk must immediately serve notice of the entry on the party or designated agency.

To satisfy the first subsection, the Court must make a factual finding that the moving party did not receive notice of the judgment within twenty-one days after its entry. *Kuhn v. Sulzer Orthopedics, Inc.*, 498 F.3d 365, 369 (6th Cir. 2007). This requires the district court to consider documentary and other evidence used to support the motion. *See In re Marchiando*, 13 F.3d 1111,1114 (7th Cir. 1994). Further, despite some tension between Federal Rule of Appellate Procedure 4(a)(6), which requires proof of non-reciept, and the Federal Rules of Civil Procedure, which concern service rather than actual receipt, the Sixth Circuit has held it is not an abuse of discretion to presume receipt of a judgment when Rule 77(d) notice is mailed. *See Evans v. United States*, 165 F.3d 27, 1998 WL 598712, at *2 (6th Cir. 1998)(unpublished table decision).

Rebmann has successfully overcome this high burden by factually demonstrating that he asked both the institution's staff and his unit team about the documents after finding out from his family that the Court had, in fact, reached a decision regarding his § 2255 petition. This is clear from his correspondence with the Court itself, filed in the docket, indicating that he had not received a judgment from the Court, despite the fact that it was mailed and apparently delivered. Finally, the institution's correspondence, stating that the legal mail containing the Court's decision came in "yesterday," when it was mailed in February and again in June—whether true or

not—indicates that he did not receive the Order and Judgment when they were entered.

Additionally, Rebmann's motion is timely. Fewer than 180 days have passed between the entry of the judgment and the day he finally received the Order and Judgment. Finally, this Court can find no reason the United States would be prejudiced by allowing Rebmann to appeal the denial of his § 2255 now.

The purpose of Rule 4(a)(6) is to reduce the risk that the opportunity to appeal a judgment will be forfeited by no fault of the party seeking the appeal. *See Dismuke v. Wilson*, 6:10-cv-179-HRW, 2011 WL 3794376, at *2 (E.D. Ky. Aug. 25, 2011)(citing 16A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3950.6 (3d ed. 1999)). Based on the documentary evidence provided by Rebmann in this motion, the Court finds that all three requirements of Rule 4(a)(6) have been met and his time to file an appeal will be reopened.

Accordingly, **IT IS ORDERED** as follows:

(1) Defendant James Frederick Rebmann's motion to reopen his time for appeal [DE 73] is **GRANTED;** and

(2) Rebmann has **fourteen (14) days** from entry of this order to file a Notice of Appeal in the record.

This the 31st day of July, 2020.



Signed By:
Joseph M. Hood
Senior U.S. District Judge