UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Crim. No. 5:16-cr-00028-GFVT |
| v. | ) ) | |
| JAMES FREDERICK REBMANN, | ) ) ) | **MEMORANDUM OPINION & ORDER** |
| Defendant. | ) ) | |

\*\*\*    \*\*\*    \*\*\*    \*\*\*

This matter is before the Court on Defendant James Frederick Rebmann's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). [R. 81.] For the reasons that follow, Mr. Rebmann's motion will be **DENIED**.

**I**

On December 15, 2016, Judge Hood sentenced Mr. Rebmann to 360 months of imprisonment and five years of supervised release after he pled guilty to distribution of fentanyl resulting in an overdose death in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(c). [R. 38.] Through numerous venues, Mr. Rebmann has litigated the fact that his non-binding plea agreement incorrectly estimated the base offense level as 38. [R. 85 at 2.] The correct base offense level was a 43. *Id.* As a result, his applicable guidelines range increased from 240 to 293 months to 360 months to life. [*Id.*; R. 41 at 14, 18-19.]

First, Mr. Rebmann appealed the judgment based on the Court's deviation from the plea agreement. [R. 39.] The Sixth Circuit rejected the appeal. [R. 44.] The Supreme Court denied his petition for writ of certiorari. [R. 55.] Mr. Rebmann then filed a § 2255 motion, claiming that he would not have entered the plea agreement if he knew the ultimately applicable

guidelines range. [R. 60.] The Court adopted the magistrate's recommendation to deny the motion and denied a certificate of appealability. [R. 69.] The Sixth Circuit affirmed denial of his certificate of appealability. [R. 80.]

Now, Mr. Rebmann seeks compassionate release. [R. 81.] He claims that there is a disparity between his original sentence and that which he would receive if sentenced today. *Id.* at 6. He also references his rehabilitative efforts and claims that he no longer poses a danger to the community. *Id.* Rather than immediate release, he asks the Court to reduce his sentence to fall within the guidelines range which he alleges would apply if he were sentenced today, 240 to 293 months. *Id.* at 16. The United States opposes release. [R. 85.]

## II

### A

As an initial matter, the Court will address the exhaustion requirement, which is a mandatory prerequisite to a prisoner bringing a motion for compassionate release in district court. *See United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). Under the First Step Act, a compassionate release reduction must first be sought by the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A). The First Step Act altered the compassionate release provision of 18 U.S.C. § 3582, allowing a defendant to move for such a reduction, whereas previously only the Bureau of Prisons could do so. Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194. But a defendant must first demonstrate that he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020) ("defendants now may bring reduction-of-sentence motions on their own once they exhaust any

2

administrative remedies or wait 30 days from the date they request relief from the Bureau of Prisons").

The Government recognizes that Mr. Rebmann has exhausted his administrative remedies. [R. 85 at 4.] His BOP records confirm as such. [R. 81-1.] Accordingly, the Court proceeds to the merits of Mr. Rebmann's motion.

**B**

Under the plain text of § 3582(c)(1)(A), compassionate release "is discretionary, not mandatory." *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020). § 3582 allows for modification of a term of imprisonment if the following substantive requirements are met: (1) a finding that extraordinary and compelling reasons merit a reduction in sentence; (2) a finding that the reduction in sentence is consistent with applicable Sentencing Commission policy statements; and (3) a finding that applicable § 3553(a) factors support release. *Id.*

However, if a prisoner files a motion for compassionate release, as opposed to a motion brought by the Director of the Bureau of Prisons, "federal judges may skip step two of the § 3582(c)(1)(A) inquiry." *Id.* at 1111; *see also United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021) ("[Section] 1B1.13 is not an applicable policy statement for compassionate-release motions brought directly by inmates"); *United States v. Hampton*, 985 F.3d 530, 531 (6th Cir. 2021) (finding evaluation of the § 1B1.13 policy statement is "no longer a requirement courts must address in ruling on defendant-filed motions"). This means that in motions for compassionate release brought by prisoners, once extraordinary and compelling reasons meriting a reduction in sentence have been found, the court can skip straight to analyzing the applicable § 3553(a) factors. *See Jones*, 980 F.3d at 1106. In the first step, in determining whether extraordinary and compelling reasons exist to merit a sentence reduction, district courts have

wide latitude. *See Jones*, 980 F.3d at 1109 ("Until the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion.").

Mr. Rebmann argues that, because of the First Step Act, he would not have received the heightened base offense level if he were sentenced today. [R. 81 at 8.] The basis for his heightened base offense level was U.S.S.G. § 2D1.1, which sets a base offense level of 43 when the offense resulted in death or serious bodily injury and the defendant had a prior conviction for a "similar offense." U.S.S.G. § 2D1.1(a). The Sixth Circuit explained in *United States v. Johnson* that "similar offense" is defined by reference to 21 U.S.C. § 841(b)(1)(C)'s use of the term "felony drug offense." 706 F.3d 728, 731 (6th Cir. 2013). However, the First Step Act amended some portions of § 841 to read "serious drug felony" rather than "felony drug offense." First Step Act, Pub. L. No. 115-391, § 401, 132 Stat. 5194, 5221 (2018). Mr. Rebmann contends that his prior conviction would not constitute a "serious drug felony," so if sentenced after the First Step Act his base offense level would be five points lower. [R. 81 at 8.] Specifically, he claims that the range would be 240 to 293 months rather than 360 to life. *Id.*

But as the Government explains, the First Step Act would not have changed Mr. Rebmann's guidelines range. [R. 85 at 5-6.] He plead guilty pursuant to 21 U.S.C. § 841(b)(1)(C), which still uses the phrase "felony drug offense." *Id.* Accordingly, the First Step Act's alterations to other provisions are irrelevant to Mr. Rebmann's offense. If he were sentenced today, his base offense level would still be 43. Accordingly, there is no sentencing disparity, so the amendment made by the First Step Act is not an extraordinary and compelling reason for release.

Mr. Rebmann also cites his record of rehabilitation and low chance of recidivism as extraordinary and compelling reasons for release. [R. 81 at 9-13.] The Government recognizes that "Rebmann's assertions in his motion are generally accurate and corroborated by the records." [R. 85 at 7.] While admirable, Mr. Rebmann's history of rehabilitative efforts are not so "extraordinary and compelling" that they justify release. By statute, rehabilitation alone does not justify release. 28 U.S.C. § 994(t). Even in combination with his other claimed reasons, rehabilitation is not "unexpected or uncommon." *United States v. Orta*, No. 2:97-071-DCR-2, 2022 WL 1572729, at *6 (E.D. Ky. May 18, 2022).

Finally, Mr. Rebmann's reference to his "low risk of recidivism" is not compelling. He claims that he has a low risk of recidivism because he would be in his fifties when released if the requested reduction were granted. [R. 81 at 13-14.] He claims that at that age he is unlikely to reoffend. *Id.* Mr. Rebmann's significant criminal history belies this claim. [R. 41 at 5-10.] He had seven criminal history points, resulting in a criminal history category of IV. *Id.* According to the U.S. Sentencing Commission, an individual with seven criminal history points has a 71.1% chance of reoffending. *Recidivism Among Federal Offenders: A Comprehensive Overview*, United States Sentencing Commission (March 2016), https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2016/recidivism_overview.pdf. While recidivism is certainly lower as the offender ages, Mr. Rebmann does not establish a risk of recidivism that is so low it constitutes an extraordinary or compelling reason for release. *See id.*

## C

Even if Mr. Rebmann had satisfied the extraordinary and compelling circumstances factor, his motion would still fail because the applicable § 3553(a) factors do not weigh in favor

5

of release. "[D]istrict courts may deny relief under the § 3553(a) factors even if 'extraordinary and compelling' reasons would otherwise justify relief." *Ruffin*, 978 F.3d at 1008.

Mr. Rebmann relies on his argument that he would face a lower guidelines range if sentenced today to show that the § 3553(a) factors weigh in favor of release. [R. 81 at 14-16.] But as explained above, this claim is incorrect. The Government argues that the § 3553(a) factors weigh against release, primarily emphasizing the seriousness of the offense, Mr. Rebmann's criminal history, and the need for deterrence and to promote respect for the law. [R. 85 at 7-8.] The Court agrees. The nature and circumstances of the offense are very serious: trafficking fentanyl resulting in the death of a woman and her unborn child. [R. 24 at 2-3.] A shortened sentence would not reflect the seriousness of the offense, provide adequate deterrence, or promote respect for the law. The § 3553(a) factors weigh against release.

### III

Mr. Rebmann fails to demonstrate extraordinary and compelling circumstances justifying release or satisfy the § 3553(a) factors. Accordingly, and the Court being sufficiently advised, Mr. Rebmann's Motion for Compassionate Release **[R. 81]** is **DENIED**.

This the 2nd day of June, 2023.

Gregory F. Van Tatenhove
United States District Judge